**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

ROBERT BAKER and                                                      PLAINTIFFS
WILLIAM PARKER

v.                                    3:15CV00338-BRW-JJV

                                    3:15-cv-00365 BRW/BD
DOES; *et al.*                                                        DEFENDANTS

## ORDER

## I.    APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT

William Parker ("Plaintiff"), is incarcerated at the Greene County Detention Center, and filed

this  42 U.S.C. § 1983 action jointly with Robert Baker. (Doc. No. 8.)  He also filed an Application

to Proceed Without Prepayment of Fees and Affidavit ("Application") (Doc. No. 10).[1]  Plaintiff has

made a proper showing required by 28 U.S.C. § 1915(a) and his Application is GRANTED.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil

action *in forma pauperis* still must pay the full statutory filing fee of $350.[2]  28 U.S.C. § 1915(b)(1).

The only question is whether a prisoner will pay the entire filing fee at the initiation of the

proceeding or in installments over a period of time.  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir.

1998).  Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed

---

[1]At the time of this Order's entry Mr. Parker's co-Plaintiff, Robert Baker, has not yet
submitted either his share of the statutory filing fee or his own completed Application. This case will
not proceed until Mr. Baker either complies with the Court's Order (Doc. No. 9) or his deadline for
doing so has passed, at which time the Court will recommend his dismissal without prejudice.

[2]Effective May 1, 2013, the cost for filing a new civil case is $400.  The increase is due to
a new $50 administrative fee, which does not apply to persons granted *in forma pauperis* status
under 28 U.S.C. § 1915.

to proceed with his § 1983 claims, and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account.  28 U.S.C. § 1915(b)(4).  **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected, and no portion of this filing fee will be refunded to the prisoner.**

Based on information contained in a certified copy of Plaintiff's Application and Calculation Sheet, the Court shall not assess an initial partial filing fee.  Plaintiff will be obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to his prison trust account each time the amount in the account exceeds $10.00.  Plaintiff's custodian is requested to send to the Clerk of the Court the monthly payments from his prison trust account when the amount exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.      PLEADINGS

The Court is sensitive to the fact that *pro se* litigants like Plaintiff are not trained in the law and will give deference to a *pro se* plaintiff where the law requires.  However, all parties, including *pro se* litigants, must comply with substantive and procedural law.  *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).  Accordingly, the Court will only consider claims properly pled in a complaint or in a superseding amended complaint.  Additionally, the Court will not consider claims stated in notices or other pleadings not filed in compliance with the Federal Rules of Civil Procedure.

## III.     LOCAL RULE

Plaintiff must also comply with the Local Rules of the Court.  Of particular note to *pro se* plaintiffs is Rule 5.5(C)(2), which states:

Parties appearing *pro se.* It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(C)(2).

## IV.    CONCLUSION

IT IS THEREFORE ORDERED that:

1.      Plaintiff William Parker's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 10) is GRANTED.

2.      Plaintiff Parker's custodian or his designee, or any future custodian, shall collect from Plaintiff's institutional account the $350.00 filing fee by collecting monthly payments equal to 20% of the preceding month's income credited to Plaintiff's account each time the amount in the account exceeds $10.00, and forward the payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk. The payments forwarded on Plaintiff's behalf shall be clearly identified by the name and number assigned to this action.

3.      The Clerk of the Court shall send a copy of this Order to the Sheriff of Greene County at 1809 North Rocking Chair Road, Paragould, AR 72450.

DATED this 10th day of November, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

3